IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL MICHAEL WEEKS                                                                  PLAINTIFF

v.                                     Civil No. 6:22-cv-06074-SOH-BAB

DEXTER PAYNE, *et. al.*                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on June 27, 2022. (ECF No. 1). It was transferred to this District on June 30, 2022. (ECF No. 3). On July 26, 2022, Plaintiff was granted *in forma pauperis* ("IFP") status. (ECF No. 9). That same day, the Court entered an Order directing Plaintiff to submit an Amended Complaint on the court-approved § 1983 form for this District by August 16, 2022. (ECF No. 13). Plaintiff did so on August 4, 2022. (ECF No. 14). On August 5, 2022, the Court entered an Order directing Plaintiff to submit a Second Amended Complaint to correct deficiencies in his First Amended Complaint by August 26, 2022. (ECF No. 15). This Order was returned as undeliverable from the Arkansas Division of Correction ("ADC") Ouachita River Unit, indicating that Plaintiff was "out to court." (ECF No. 17). The deadline for Plaintiff to inform the Court of his new address was set for September 16, 2022. (*Id.*).

1

On October 3, 2022, the Court entered an Order noting the "out to court" circumstance of the returned mail and directing Plaintiff to file his Second Amended Complaint by October 24, 2022. (ECF No. 19). When Plaintiff failed to submit his Second Amended Complaint by the deadline, the Court entered a Show Cause Order, directing Plaintiff to Respond by November 22, 2022. (ECF No. 20). Neither Order was returned as undeliverable. Plaintiff filed his Response on December 5, 2022, stating that his legal mail was not being delivered in a timely manner, and he had not received any documents from the Court since he submitted his First Amended Complaint. (ECF No. 21).

On December 5, 2022, the Court entered another Order directing Plaintiff to submit his Second Amended Complaint. (ECF No. 22). This Order was not returned as undeliverable. On December 27, 2022, Plaintiff submitted his Second Amended Complaint. (ECF No. 23). Due to continued deficiencies with the Second Amended Complaint, the Court entered an Order on January 27, 2023, explaining the deficiencies to Plaintiff, and directing him to submit a Third Amended Complaint by February 17, 2023. (ECF No. 24). The Order was not returned as undeliverable. This Order, as well as all the prior Orders directing Plaintiff to submit an Amended Complaint, advised him that failure to submit his Amended Complaint by the deadline would result in the dismissal of his case. (ECF No. 24 at 3). The Court also notes that Plaintiff named numerous Defendants in each Amended Complaint and changed the named Defendants substantially with each version of his Amended Complaint. As of the most recent version, Plaintiff has named, or named and then terminated, 68 Defendants.

To date, Plaintiff has failed to submit his Amended Complaint, and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has been given multiple opportunities to submit an Amended Complaint which complies with the Local and Federal Rules of Civil Procedure and has failed to do so.  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 23) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of February 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE